IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONYA STEVENSON and GREGORY STEVENSON, Plaintiffs, v. WELLS FARGO BANK, N.A., Defendant. | § § § § § § § § § Civil Action No. 3:12-CV-3032-L-BK |

### FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to the District Court's Order of Referral (Doc. 19), Defendant Wells Fargo Bank's *Motion for Summary Judgment* (Doc. 9) is before the undersigned for a recommendation. For the reasons that follow, Defendant's motion should be **GRANTED**.

### BACKGROUND

This case stems from Defendant's foreclosure of Plaintiffs' property. In their original petition, Plaintiffs allege that Defendant's foreclosure was wrongful because Plaintiffs were being considered for a loan modification at the time of the foreclosure sale. (Doc. 1-5 at 2). Plaintiffs assert claims against Defendant for negligence and negligent misrepresentation, and seek injunctive relief. *Id.* at 2-3.

In its *Motion for Summary Judgment*, Defendant argues (1) Plaintiffs defaulted on their loan; (2) Plaintiffs' negligence and misrepresentation claims fail as a matter of law and are barred by the economic loss rule; (3) Plaintiffs are not entitled to injunctive relief because they fail to state a claim for which they are entitled to such relief; and (4) Defendant is entitled to recoup its attorney's fees.[1]  (Doc. 9 at 5, 12-13). Defendant contends that Plaintiffs fell behind

---

[1] Because Defendant is clearly entitled to summary judgment based on the arguments specifically addressed herein, the Court does not reach Defendant's remaining arguments.

on their mortgage payments in early 2008, and subsequently failed to make required payments under a Special Forbearance Plan. (Doc. 9 at 7). Defendant further asserts that although Plaintiffs were reviewed for a loan modification, Plaintiffs were notified prior to foreclosure that their loan modification was denied due to Plaintiffs' failure to submit the requisite documents. *Id*. at 8.

Plaintiffs present no competing evidence, and respond only that "insofar as [their] claims are untenable under the theories as pleaded, Plaintiffs do not contest the Court's render of summary judgment." (Doc. 14 at 1). Plaintiffs further aver they intend to seek leave of Court to file an amended pleading that would potentially "render Defendants' dispositive motion moot. *Id.* To date, however, Plaintiffs have not sought leave to amend their pleadings, and the Court's April 1, 2013, deadline for filing amended pleadings has since passed. (Doc. 6).

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.. Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)

(internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Id.* However, Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the motion for summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458.

  A.  Negligence Claim

Defendant argues that Plaintiffs' negligence claim fails as a matter of law because Plaintiffs cannot establish the basic elements of negligence. (Doc. 9 at 9). Under Texas law, a plaintiff alleging negligence must prove (1) the defendant owed a legal duty to plaintiff; (2) the defendant breached the duty; and (3) the breach proximately caused plaintiff's injury. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Defendant maintains that it does not owe Plaintiffs a legal duty within their mortgagor-mortgagee relationship or a duty to process their loan modification. *Id.* at 10-11. Defendant's argument has merit. Plaintiffs have not alleged that Defendant owed them a legal duty, or breached such duty and caused damages, nor have they presented any evidence whatsoever in support of the required elements of a

negligence action.

Duty is the threshold inquiry in a negligence claim. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *RT Realty, L.P. v. Tex. Utilities Elec. Co.*, 181 S.W.3d 905, 914 (Tex. App.—Dallas 2006, no pet.). If there is no legal duty, liability for negligence cannot exist. *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999). Here, Defendant, as mortgagor, did not owe a legal duty to Plaintiffs, the mortgagees. *See Coleman v. Bank of America*, *N.A.*, 2011 WL 2516169, at *1 (N. D. Tex.2011) (holding that Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power"); *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex.1990) (same); *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 611 (Tex. App. – Corpus Christi 2005, pet. denied) (holding mortgagor did not owe mortgagee a duty in negligence for conduct relating to the foreclosure sale because the deed of trust governs the duties of each party). Thus, Plaintiffs' claims of negligence fail as a matter of law.

B.  <u>Negligent Misrepresentation Claim</u>

Defendant also urges that Plaintiffs' negligent misrepresentation claim fails because Plaintiffs have not alleged a specific misrepresentation by Defendant. *Id.* at 11. To establish a claim for negligent misrepresentation, a plaintiff must show (1) the defendant made a representation in the course of a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a monetary loss by justifiably relying on the representation. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 687 n.24 (Tex. 2002).

In this case, the only assertion that can possibly be construed as a misrepresentation is Plaintiff's claim that Defendant was still considering Plaintiffs for a loan modification at the time of the foreclosure sale. In support of their motion for summary judgment, however, Defendants have offered evidence that prior to foreclosure, Plaintiffs were advised that their request for loan modification was denied because Plaintiffs failed to return the required documents. (Doc. 10-1 at 3; Doc 10-5 at 1-2). Plaintiffs have not identified any evidence in the record to the contrary, nor have they suggested any other misrepresentation upon which their claim relies. *See Ragas*, 136 F.3d at 458 (the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim). Moreover, a claim for negligent misrepresentation under Texas law contemplates that the "false information" provided by the defendant is a misstatement of existing fact. *Clardy Manufacturing Co. v. Marine Midland Business Loans, Inc.,* 88 F.3d 347, 357 (5th Cir.1996). That is not the case here, where Plaintiffs' claim apparently centers on the future promise of a loan modification. Consequently, Plaintiffs' negligent misrepresentation claim cannot withstand summary judgment.

    C.  Temporary Injunctive Relief

Defendant correctly argues that a grant of injunctive relief hinges on a party's substantial likelihood of success on the merits underlying their claims. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). As stated herein, summary judgment in favor of Defendant is merited on Plaintiffs substantive claims; therefore, Plaintiffs also are not entitled to injunctive relief. It is recommended that Defendant's *Motion for Summary Judgment* as to Plaintiffs' claims of injunctive relief be **GRANTED**.

D. Attorney's Fees

Defendant avers that it is entitled to the recovery of attorney's fees pursuant to the terms of the Note and Deed of Trust, which states, in relevant part:

> If . . . there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property. . . [and] any amounts disbursed by Lender by this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.

(Doc. 9 at 13; Doc. 10-3 at 3).

In a similar post-foreclosure action, a district judge of this Court held that the defendants were entitled to recover attorney's fees under a deed of trust provision like the one in this case. *Richardson v. Wells Fargo Bank, N.A.*, 4:11-CV-359-A, 2012 WL 6028912, at *3 (N.D. Tex. Dec. 3, 2012) (McBryde, J.). Citing *In re Velazquez*, 660 F.3d 893 (5th Cir. 2011), the Court held that the plaintiff's claims, "if successful, could have permanently affected defendants' ability to enforce the terms of the note and deed of trust through foreclosure and eviction if plaintiff persisted in her default"; thus, the action to enjoin the foreclosure and eviction qualified as a legal proceeding that might significantly affect Lender's rights in the property. *Richardson*, 2012 WL 6028912, at *3. Here, in light of the parties' contractual agreement for the payment of Defendant's attorney's fees incurred in this action, and Plaintiffs' failure to state any opposition to Defendant's request, the undersigned reaches the same conclusion. However, the Court is unable to determine from Defendant's counsel's affidavit if the amount of requested attorney's fees is reasonable. Therefore, it is recommended that Defendant's request for attorney's fees be **DENIED WITHOUT PREJUDICE** to resubmission with detailed proof of the attorney's fees incurred. *See Daniels v. Wells Fargo Home Mortg.*, CA G-12-163, 2013 WL 1222413, at *7-8 (S.D. Tex. Feb. 21, 2013) (holding that although the provision in the Deed of Trust provided that

defendants were entitled to attorney's fees, the defendants, who relied solely on their counsel's affidavit of a blended hourly rate, did not meet their burden of establishing a reasonable basis for attorney's fees).

## CONCLUSION

It is recommended that Defendant Wells Fargo Bank's *Motion for Summary Judgment* (Doc. 9) be **GRANTED**, Defendant's request for attorney's fees be **DENIED WITHOUT PREJUDICE,** and this case be **DISMISSED WITH PREJUDICE**.

**SIGNED** April 23, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE